UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR,<br><br>　　　　　　　Plaintiff,<br>　v.<br>DEBRA L STEPHENS,<br><br>　　　　　　　Defendant. | Case No. 3:22-cv-05428-JLR-TLF<br><br>REPORT AND RECOMMENDATION |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. Dkt. 1-1. For the reasons discussed below, the Court should deny plaintiff's IFP application.

## DISCUSSION

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g., Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff's proposed complaint alleges that Washington State Supreme Court Justice Debra Stephens is violating plaintiff's rights because the Washington Supreme Court has imposed a bar order against plaintiff. Dkt. 1-1 at 4-8. Plaintiff contends that because of the bar order if an emergency were to ever arise, he would not be able to petition the Washington Supreme Court. Dkt. 1-1 at 6. Plaintiff also contends that he is being subjected to death threats, unsanitary living conditions and COVID-19 exposure. Dkt. 1-1 at 5.

Plaintiff's complaint fails to allege that he currently faces "imminent danger of serious physical injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted). Plaintiff's complaint alleges that because of the bar order he would be in imminent danger if an emergency were to ever arise. The imminent danger exception requires the prisoner to allege a danger that is ready to take place or is

REPORT AND RECOMMENDATION - 2

1  ongoing. *Cervantes*, 493 F.3d at 1052. Plaintiff's hypothetical and speculative allegation
2  of danger is insufficient to meet the imminent danger exception.
3      Additionally, plaintiff alleges that he faces death threats, unsanitary living
4  conditions and COVID 19 exposures. The complaint does not allege facts showing that
5  any of these alleged dangers are connected to defendant's conduct alleged in the
6  complaint. Plaintiff's allegation is insufficient to meet the imminent danger exception
7  because he has alleged no nexus between the alleged imminent danger and at least
8  one substantive claim in the complaint. *Ray v. Lara*, 31 F.4th 692, 699-700 (9th Cir.
9  2022).

10                                    CONCLUSION

11     Based on the foregoing discussion, the Court should deny plaintiff's IFP
12 application.
13     A plaintiff is not entitled to submit written objections to the Magistrate Judge's
14 report and recommendation that IFP status should be denied. *Minetti v. Port of*
15 *Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to
16 proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548,
17 548-549 (9th Cir. 1988). The Court's denial of plaintiff's motion to proceed *in forma*
18 *pauperis* would not constitute a separate strike if the Court does not make a ruling on
19 whether any claim in the complaint was frivolous, malicious, or failed to state a claim.
20 *See, El-Shaddai v. Zamora,* 833 F.3d 1036, 1043 (9th Cir. 2016) ("Because the grounds
21 for dismissal . . . were that [plaintiff] had incurred too many strikes, and not because the
22 cases were themselves frivolous, malicious, or failed to state a claim, they do not count
23 as separate strikes against [plaintiff]").
24
25

The Court should direct plaintiff to pay the Court filing fee within 21 days of adoption of this order if he wishes to proceed with this action. If plaintiff fails to pay the Court filing fee, the Clerk of the Court should be directed to close the case. Plaintiff should be aware that if he pays the filing fee, and if the case is later dismissed by the Court (with or without prejudice) for failure to state a claim, or because it is frivolous or malicious, then the dismissal would be counted as a strike under the PLRA. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020).

Dated this 23rd day of September, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4